IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwight Freeman, | : | |
| Plaintiff | : | Civil Action 2:09-cv-565 |
| v. | : | Judge Marbley |
| Director Terry Collins, *et al*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

This matter is before the Court on plaintiff Dwight Freeman's October 7, 2010 motion for reconsideration of the Court's September 30, 2010 order denying his motion to serve the complaint and exhibits on the remaining defendants (doc. 33). Plaintiff maintains that he has sent over 34 copies of the complaint and exhibits.

The Magistrate Judge's September 30, 2010 Order states:

The docket in this case reflects an October 22, 2009 staff note that indicates the Clerk of Court received 1 completed summons per defendant and 3 service copies of the complaint. A deficiency letter and additional forms were mailed to plaintiff. *See* docket entry dated 10/22/2009. An October 30, 2009 staff note on the docket states that the Clerk of Court has received all forms required for service *except* for copies of the complaint. At that time, plaintiff had sent a summons and U.S. Marshal's service form for each of the 34 defendants but only 3 copies of the complaint. *See* docket entry dated 10/30/2009. A November 19, 2009 docket entry indicates that the Clerk of Court received copies of the complaint, but a November 20, 2009 deficiency letter mailed to plaintiff indicates that Court still needs a complete and correct copy of the complaint for service on all defendants. The letter also indicated that plaintiff had not attached exhibits to the

1

> complaint. *See* docket entry dated 11/19/2009 & 11/20/2009. On December 14, 2009, the Clerk of Court received plaintiff's motion requesting service of process on all defendants (doc. 14).
>
> The docket shows that the Clerk of Court received documents that correspond to the withdrawal slips submitted by plaintiff, and the Clerk of Court staff clearly documented that the Court had not received copies of the complaint for each defendant. Further, the Court has had a search of the Clerk's office made for the 31 copies of the 57-page complaint with attached exhibits, and it has been unable to locate them or any evidence that were received by the Clerk of Court. As a result, plaintiff's August 13, 2010 motion (doc. 29) is DENIED. Plaintiff is required to provide thirty-one copies of his complaint with the corresponding exhibits within 30 days of the date of this Order.

Doc. 32 at 1-2. The docket further reflects that the Clerk of Court received 30 copies of plaintiff's complaint, but plaintiff failed to attach the corresponding exhibits to each copy.

Because plaintiff has failed to provide the Clerk of Court with complete copies of his complaint, his October 7, 2010 motion for reconsideration of the Court's September 30, 2010 order denying his motion to serve the complaint and exhibits on the remaining defendants (doc. 33) is DENIED.  When the Clerk of Court receives the copies of his exhibits, the complaints will be forwarded to the United States Marshal to attempt service on defendants.

     s/Algenon L. Marbley
    Algenon L. Marbley
    United States District Judge