IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwight Freeman, | : | |
| Plaintiff | : | Civil Action 2:09-cv-565 |
| v. | : | Judge Marbley |
| Director Terry Collins, *et al*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

Dwight Freeman, a inmate at the Ohio State Penitentiary,  brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge on defendants Hill and Pack's November 17, 2010 motion for judgment on the pleadings (doc. 42). On January 10, 2011, the Court issued an order directing plaintiff to file any brief in opposition to defendants' motion within eleven days. *See* doc. 48. Plaintiff has failed to file any opposition to plaintiff's motion for judgment on the pleadings.

Allegations in the Complaint. The complaint makes the following allegations concerning defendant Nurse Pack. Following an alleged assault by corrections officers, Nurse Pack came to plaintiff's cell and refused to seek further medical attention for his broken nose, knots on his head, and his right arm. She failed to make a report concerning his injuries in an attempt to coverup the use of excessive force against him.

She left plaintiff in needless pain and failed to perform a full body assessment. Nurse Pack only viewed plaintiff through the food slot. Doc. 4 at 9.

The complaint further alleges that defendants Pack and Hill were deliberately indifferent to his serious medical needs and injuries sustained on January 5-6, 2009 and disregarded an excessive risk to his life, health, and safety by failing to seek outside care for his broken ribs, lacerations on his left arm, tendon damage, back injury, broken nose, and eye injury in attempt to coverup the wrongdoing of the corrections officers. Doc. 4 at 19.

Defendants' Arguments. Defendants argue that plaintiff's complaint fails to state a claim upon which relief can be granted with respect to Nurse Hill and Nurse Pack because he fails to allege any personal involvement by these defendants. Defendants maintain that Freeman has simply made accusations that the defendants have harmed him without ever alleging that they directly treated him. Plaintiff's sole allegation concerning Nurse Pack is that she ignored his complaints. Defendants argue that because Freeman has not established that Nurse Pack was his treating physician, he has not shown that she had a duty to meet with him concerning his healthcare.

Defendants also argue that they are entitled to qualified immunity Defendants further argue that to the extent that Freeman is suing Hill and Pack on their official capacity, his claims are barred by the Eleventh Amendment.

Motion for Judgement on the Pleadings. In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint

2

as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Id.* This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately

3

prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981).  A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted.  *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

Discussion. Defendants' reliance on *Adkins v. Blackwell*, No. 2:08-cv-0081, 2009 WL 2431261 (S.D. Oh. Aug. 5, 2009) is misplaced. In *Adkins*, the plaintiff asserted that the defendants had engaged in an ongoing pattern of indifference with respect to his serious medical needs. He asserted a claim against a healthcare administrator at the prison, who had never met with him in person, concerning the substitution of one of his prescribed medications. The *Adkins* court held that the plaintiff failed to show that the healthcare administrator had disregarded an excessive risk to plaintiff's health or safety or to show that the healthcare administrator had a duty to meet with him regarding his healthcare decisions. Plaintiff's claim also failed because he never demonstrated that the healthcare administrator was ever his treating physician.

4

Here, the complaint alleges that Nurse Pack came to evaluate Freeman following the use of force by corrections officers. She was a medical provider at the prison, not a healthcare administrator who does not administer medical treatment. Defendants' assertion that plaintiff's claim fails because defendant Pack is a nurse and not a treating doctor is absurd. The *Adkins* case does not stand for the proposition that a prisoner can only bring a only a claim for deliberate indifference to a serious medical need against a treating doctor, in contrast to a nurse. From the allegations in plaintiff's complaint, it appears that Nurse Pack was present for the purpose of providing him with medical care. By alleging that she failed to treat a serious medical need and ignored his need for medical care, plaintiff has adequately stated a claim against her.

Defendants' motion for judgment on the pleadings with respect to Nurse Hill also fails. The complaint alleges that Nurse Hill refused to seek outside medical treatment for the injuries he allegedly sustained on January 5-6, 2009 for the purpose of covering up the wrongdoing of corrections officers. Plaintiff allegations that Nurse Hill purposefully prevented Freeman receiving necessary medical care in order to hide the wrongdoing of others states a claim under the Eighth Amendment.

Qualified Immunity. Qualified immunity protects "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, defendants are not entitled to qualified immunity because the right of inmates to be free from cruel and unusual

5

punishment is clearly established. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In

*Estelle v. Gamble*, 429 U.S. 97 (1976), the United States Supreme Court held that

the Eighth Amendment requires the government to "provide medical care for those

whom it is punishing by incarceration". *Id*. at 103. It further noted that:

> [D]eliberate indifference to serious medical needs of prisoners constitutes
> the unnecessary and wanton infliction of pain proscribed by the Eighth
> Amendment. This is true whether the indifference is manifested by prison
> doctors in their response to the prisoner's needs or by prison guards in
> intentionally denying or delaying access to medical care or intentionally
> interfering with the treatment once prescribed.

*Id*. at 104.

Official Capacity. To the extent that Freeman is suing defendants Hill and Pack

in their official capacity, they are immune from suit under the Eleventh Amendment.

*Wolfel v. Morris*,  972 F.2d 712, 718 (6th Cir. 1992)("Congress did not disturb the states'

eleventh amendment immunity when it passed § 1983.").

Conclusion. For the reasons stated above, the Magistrate Judge RECOMMENDS

that defendants Hill and Pack's November 17, 2010 motion for judgment on the

pleadings (doc. 42) be DENIED in part. The Magistrate Judge RECOMMENDS that

plaintiff's claims against defendants Hill and Pack in their official capacity be

DISMISSED.

If any party objects to this Report and Recommendation, that party may, within

fourteen (14) days, file and serve on all parties a motion for reconsideration by the

Court, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).


s/Mark R. Abel
United States Magistrate Judge

7