IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwight Freeman, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00565 |
| v. | : | Judge Marbley |
| Director Terry Collins, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**ORDER**

Dwight Freeman, a inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Court on plaintiff's April 7, 20111 objection to the Magistrate Judge's March 24, 2011 Order revoking his *in forma pauperis* status and requesting that the Magistrate Judge be removed from this case (doc. 72).

Plaintiff argues that his *in forma pauperis* status should not have been revoked because he was subjected to excessive use of force and denied medical treatment and his life, health, and safety was in imminent danger at the time he filed this action. He had filed motions for temporary restraining orders and preliminary injunctions, but he was transferred from SOCF mooting the motions. He maintains that his life and safety are in imminent danger once more because he has been transferred back to SOCF in retaliation. Since his return, he has been beaten by SOCF guards on March 11 and March 29. He remains held at SOCF evan though he was sent there for a mental heath

1

evaluation. Freeman seeks an injunction from the Court to have him removed from the prison before he is killed. Plaintiff attached copies of grievances and informal complaints concerning the use of deadly force against him to demonstrate that his life and safety remain in imminent danger. Plaintiff's allegations concerning the March 2011 incidents are not a part of this action. The imminent danger exception to "three strikes" provision requires that the imminent danger be contemporaneous with complaint's filing:

> The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading. *See* Fed.R.Civ.P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir.2003) (calling the imminent danger exception a "pleading requirement" and recognizing the logical consequence that "[f]requent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee").

*Vandiver v. Vasbinder*, case no. 08-2602, 2011 WL 1105652, at *2-3 (6th Cir. 2011). Here, the complaint alleges that Freeman was subjected to excessive use of force and denied medical care in violation of the Eighth Amendment. The complaint does not allege any facts showing that he was in immediate or specific danger of future serious physical injury at the time he filed the complaint. *Davis v. Cook*, 4 Fed. Appx. 261, 262 (6th Cir. 2001) ("While Davis alleged threats and mistreatment at the hands of other inmates and prison staff, he did not allege any immediate or specific danger of future serious physical injury.").

Freeman further argues that the Magistrate Judge is biased against him and has demonstrated prejudice in his other cases pending before him. Under the provisions of 28 U.S.C. §455(a), a judge is required to recuse himself or herself "in any proceeding in which his impartiality might reasonably be questioned." The standard for recusal is an objective one, "whether [a] reasonable person knowing all of the surrounding circumstances, would consider the judge to be impartial." *United States v. Hurst*, 951 F.2d 1490, 1503 (6th Cir. 1991), *cert. denied*, 504 U.S. 915 (1992). Here there are no grounds for disqualification or recusal. Disagreement about the Court's ruling in a case is not a ground for disqualification or recusal. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994); *Garver v. United States of America*, 846 F.2d 1029, 1031 (6th Cir.), *cert. denied*, 488 U.S. 820 (1988).

Because plaintiff Freeman has previously had three dismissals, he is subject to the "three strikes" rule, and his *in forma pauperis* status is revoked. Plaintiff has failed to submit the entire $350.00 filing fee as required by the Magistrate Judge's March 24, 2011 Order. Consequently, this action is hereby DISMISSED.

Plaintiff's February 9, 2009 motion to compel (doc. 60) and his April 7, 2011 motion for reconsideration of the Court's March 21, 2011 Order and for an extension of time (doc. 71) are DENIED as moot.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge

3