IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwight Freeman, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00565 |
| v. | : | Judge Marbley |
| Director Terry Collins, *et al.*, | : | Magistrate Judge Abel |
| Defendants | | |
| | : | |

**ORDER**

Dwight Freeman, a inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this prisoner civil rights action under 42 U.S.C. §1983.  This matter is before the Court on plaintiff's July 25, 2011 motion for reconsideration of the Court's July 13, 2011 Order dismissing his case for failure to submit the entire $350.00 filing fee as required by the Magistrate Judge's March 24, 2011 Order (doc. 78).

Plaintiff argues that his *in forma pauperis* status should not have been revoked because he was subjected to excessive use of force and denied medical treatment and his life, health, and safety was in imminent danger at the time he filed this action.

As my previous Order stated, the imminent danger exception to "three strikes" provision requires that the imminent danger be contemporaneous with complaint's filing:

> The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading. *See* Fed.R.Civ.P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir.2003) (calling the imminent danger exception a "pleading

>requirement" and recognizing the logical consequence that "[f]requent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee").

*Vandiver v. Vasbinder*, case no. 08-2602, 2011 WL 1105652, at *2-3 (6th Cir. 2011). Here, the complaint alleges that Freeman was subjected to excessive use of force and denied medical care in violation of the Eighth Amendment. Here, the complaint does not allege any facts showing that Freeman was in immediate or specific danger of future serious physical injury at the time he filed the complaint. *See Davis v. Cook*, 4 Fed. Appx. 261, 262 (6th Cir. 2001) ("While Davis alleged threats and mistreatment at the hands of other inmates and prison staff, he did not allege any immediate or specific danger of future serious physical injury."); *see also* doc. 207 in case number 2:05-cv-01085 (holding that Mr. Freeman has three strikes and is required to pay the full filing fee).

Plaintiff Dwight Freeman's July 25, 2011 motion for reconsideration of the Court's July 13, 2011 Order dismissing his case for failure to submit the entire $350.00 filing fee as required by the Magistrate Judge's March 24, 2011 Order (doc. 78) is DENIED.

                                                               s/Algenon L. Marbley
                                                               Algenon L. Marbley
                                                               United States District Judge