IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dwight Freeman,                                    :
                                                   :        Case No. 2:09-cv-00565
                    Plaintiff                      :
                                                   :        Judge Marbley
          v.                                       :
                                                   :        Magistrate Judge Abel
Terry Collins, *et al*,                            :
                                                   :
                    Defendants                     :

## OPINION & ORDER

This matter is before the Court on Plaintiff Dwight Freeman's Objection (Doc. 108) to

the Magistrate Judge's May 2, 2014 Order (Doc. 107), denying Plaintiff's Motion for a 30-day

extension of time to file a renewed motion to appeal *in forma pauperis* (Doc. 106).  Upon

independent review by the Court, and for the reasons set forth below, the Court **OVERRULES**

Defendant's Objections,  and **AFFIRMS** the Magistrate Judge's Order.

On July 13, 2011, the Clerk of Court entered judgment dismissing this case based on

Plaintiff's failure to pay the $350 filing fee required for a civil case.  (Doc. 77).  On July 25,

2011, Plaintiff appealed from the judgment, and moved for reconsideration of the July 13, 2011

Order.  (Docs. 78, 79).  Plaintiff argues that he was not required to pay the full filing fee for a

civil case based on the imminent danger exception to the three strikes provision under 28 U.S.C.

§ 1915(g).  This exception requires that the imminent danger be contemporaneous with the filing

of the complaint.  *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011); *Rittner v.

Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

On August 17, 2011, the Court denied Plaintiff's Motion to Reconsider the July 13 Order.

(Doc. 82).  On September 6, 2011, the Court ordered Freeman to pay the entire $455 filing fee

for an appeal within 30 days.  (Doc. 84).  On September 15, 2011, Freeman filed another Notice of Appeal.  (Doc. 85).  On December 16, 2011, the Court again ordered Plaintiff to pay the $455 filing fee for an appeal.  (Doc. 91).  On April 15, 2013, Plaintiff filed a Notice of Appeal from the Court's December 16, 2011 Order.  (Doc 92).  On April 17, 2013 the Magistrate Judge issued a Deficiency Order directing Freeman to pay the full appellate filing fee.  (Doc 93).

On May 1, 2013, the Sixth Circuit denied Plaintiff leave to appeal *in forma pauperis*, and ordered him to pay the full appellate filing fee.  (Doc. 95).  The Sixth Circuit noted that "Freeman has had three previous complaints dismissed by federal courts as frivolous or for failure to state a claim for relief."  (*Id.*)  The Sixth Circuit rejected Plaintiff's argument that his complaint "fall[s] within the exception to the statutory mandate that prohibits him from proceeding *in forma pauperis* because he did not allege 'imminent danger of serious physical injury' at the time of filing."  (*Id.*)  The Sixth Circuit explained that Plaintiff was required to pay the filing fee and appellate filing fee because his complaint was subject to dismissal under the three strikes rule and he could not proceed *in forma pauperis*.  (*Id.*)  The Sixth Circuit concluded that [a]ppeals in these cases are frivolous."  (*Id.*) The Sixth Circuit dismissed Plaintiff's appeal for want of prosecution on June 12, 2013.  (Doc. 98).

 On September 16, 2013, this Court denied Plaintiff's Motion to Reconsider the April 17, 2013 Order.  (Doc. 99).  On October 29, 2013, this Court denied Plaintiff's Motion to Reconsider the September 16, 2013 Order denying his May 1, 2013 Motion to Reconsider requiring him to pay the appellate filing fee.  (Doc. 101).

On November 6, 2013 Plaintiff filed another notice of appeal (Doc. 102), which the Sixth Circuit dismissed on March 28, 2014 based on the Court's "lack [of] jurisdiction over the [] appeal."  (*Id.*)

> The proper procedure for seeking review of the district court's order denying pauper status on appeal is by filing a motion for leave to proceed on appeal *in forma pauperis* in this Court. . . . Although Freeman filed motions to proceed *in forma pauperis* . . . his motions were denied, and a panel of this Court dismissed those appeals for want of prosecution because Freeman failed to pay the full appellate filing fee as directed.  Because the district court's order denying pauper status on appeal is not an appealable order, it follows that the order denying reconsideration of that order is not appealable.

(Doc. 103).

Plaintiff filed another notice of appeal and moved for leave to proceed *in forma pauperis* on April 10, 2014 (Doc. 104), and his motion was subsequently denied on April 21, 2014.  (Doc. 105).  On April 30, 2014, Plaintiff filed a Motion for a 30-day extension of time to file a renewed Motion to Appeal *in forma pauperis*.  (Doc. 106).  The Magistrate Judge denied this Motion (Doc. 107), and Plaintiff filed an Objection to the Order.  (Doc. 108).  Plaintiff maintains that he is exempted from paying the full filing fee based on the imminent danger exception, and contends that he was under imminent danger of serious physical injury at the time he filed his complaint.  (*Id.*)  He alleges threats and mistreatment at the hands of other inmates and prison staff, and that the medical department was deliberately indifferent to the Plaintiff's medical needs.  He, however, did not allege specific danger of future serious physical injury.

As the Sixth Circuit has explained, an appeal in this case is frivolous.  Both this Court and the Sixth Circuit Court of Appeals have explained that Plaintiff is required by 28 U.S.C. § 1915(g) to pay the $350 civil action filing fee, and the $455 appellate filing fee, and Plaintiff has failed to do so.  Plaintiff's repeated motions to proceed *in forma pauperis* are futile and a waste of the Court's time as 28 U.S.C. § 1915(g) prohibits the Court from granting Plaintiff leave to proceed *in forma pauperis*. Because Plaintiff's motions to proceed *in forma pauperis* are futile,

the Court will not grant a 30-day extension of time to file a renewed motion to appeal *in forma pauperis*.

## CONCLUSION

For these reasons, Defendant's Objections are hereby **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's Order/Report and Recommendation.

**IT IS SO ORDERED.**


                           **/s/ Algenon L. Marbley**
                         **ALGENON L. MARBLEY**
**DATED: December 1, 2014**        **UNITED STATES DISTRICT JUDGE**